IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE CLAUDE COLBERT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Sheriff LEWIS WALKER,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00066-TES-CHW** |

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

*Pro se* Plaintiff Willie Claude Colbert filed a civil rights complaint under 42 U.S.C. § 1983 while incarcerated at the Crawford County Sheriff's Department. *See* [Doc. 1]. On March 26, 2018, the United States Magistrate Judge ordered Plaintiff to submit a certified copy of his inmate account statement in support of his motion to proceed *in forma pauperis* and as is required by 28 U.S.C. § 1915. *See* [Doc. 6]. That Order afforded Plaintiff 21 days to file his account statement and advised Plaintiff that a failure to fully and timely comply with the Order would result in the dismissal of this action. *Id*. at 2. When the deadline for compliance passed without response from Plaintiff, the Magistrate Judge then ordered Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to comply. *See* [Doc. 7]. The Show Cause Order again advised Plaintiff that failure to timely comply with orders of the Court would result in the dismissal of this action. *Id*. The Court's Show Cause Order [Doc. 7] returned to the Court as undeliverable in an

envelope marked "RETURN TO SENDER UNABLE TO FORWARD" and "Discharged Not at This Address." *See* [Doc. 8].

The Court's 21-day deadline pursuant to the Court's Show Cause Order [Doc. 7] passed without any response from Plaintiff. Further, Plaintiff, since initially filing his Complaint [Doc. 1] did not contact the Court for any purpose. In the intervening three months, Plaintiff failed to respond to multiple orders of the Court and failed to update his address. For these reasons, and because Georgia's two-year statute of limitations will not prevent the filing of Plaintiff's complaint in the near future, the instant action is hereby **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 31st day of May, 2018.

**S/ Tilman E. Self, III**
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT
